**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01594 VAP (OPx)                    Date:  December 14, 2011

Title:     RACHEL LEWIS, et al. -v- COUNTY OF SAN BERNARDINO, et al.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER GRANTING MOTIONS TO DISMISS IN PART AND REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    Before the Court are a Motion to Dismiss ("County's Motion") filed by Defendants County of San Bernardino, Deputy District Attorney Michael Ramos, SCS[1] Laquisha Bland, and Deputy Thomas Dickey (collectively, "County Defendants"), and a Motion to Dismiss ("State's Motion") filed by Defendants State of California and California Highway Patrol Officer Craig Bissett (collectively, "State Defendants").  After considering the papers in support of, and opposition to, the

---

[1] The parties do not define "SCS."

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

Motions, the Court GRANTS the County's Motion in part, GRANTS the State's Motion in part, and REMANDS the action to the California Superior Court for the County of San Bernardino.

## I. BACKGROUND

### A. Allegations

Between June 6, 2010, and June 22, 2010, Richard Lewis ("Decedent") was coerced by Defendant Ramos of the San Bernardino County District Attorney's Office to cooperate in an investigation of Decedent's family.  (Not. of Removal (Doc. No. 1), Ex. A ("Compl.") ¶ 1.)[2]

On June 21, 2010, in response to reports of erratic driving, California Highway Patrol Officer Bissett pulled over Decedent as he was driving southbound on Interstate 15.  (Id. ¶ 2.)  Bissett arrested Decedent for violating California Vehicle Code section 23152(a), driving under the influence of an alcoholic beverage or drug.  (Id.)  At the time of the arrest, Bissett searched Decedent's vehicle and "discovered, or, in the exercise of reasonable care, should have discovered" books about committing suicide and using firearms, and containers of prescription medication for the treatment of an unspecified medical disability.  (Compl. ¶ 3.)  Plaintiff contends these items are evidence Decedent was "committing suicide" at the time Officer Bissett pulled him over.

Bissett transported Decedent to the San Bernardino County West Valley Detention Center, where the Decedent was booked and subjected to a medical screening.  (Compl. ¶ 4.)  Later that evening, the County Defendants released Decedent.  Twelve hours later, on June 22, 2010, Decedent fatally shot himself in the chest at his residence in Las Vegas, Nevada.  (Compl. ¶ 5.)

---

[2] Plaintiffs' Complaint does not provide additional details about the investigation.

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

## B. Procedural History

On July 11, 2011, Plaintiffs Rachel Lewis and R.L.[3] filed their complaint against Defendants in the California Superior Court for the County of San Bernardino, asserting three claims for relief:

1. Deprivation of Plaintiffs' constitutionally-protected companionship interest under 42 U.S.C. § 1983, in violation of the 14th Amendment's Due Process Clause (against Defendants Ramos, Bissett, Cerda, Bland, Dickey, and Galan);
2. Deprivation of their constitutionally protected companionship interest under 42 U.S.C. § 1983, in violation of the Fourteenth Amendment's Due Process Clause (against Defendants County of San Bernardino and State of California); and
3. Wrongful death (against all Defendants).

(See Compl. at 9-16.) On October 3, 2011, the County Defendants removed the action to this Court.[4] (See Not. of Removal (Doc. No. 1) at 1.)

The County Defendants filed their Motion to Dismiss on October 13, 2011. (Doc. No. 8.) Plaintiffs filed their Opposition on November 21, 2011, and the State Defendants filed their Reply on November 28, 2011. (Doc. Nos. 21, 25.)

---

[3] Plaintiff R.L. is a minor, and is proceeding by and through a guardian ad litem, Isaac Sonsino.

[4] The County Defendants' removal to this Court was procedurally improper, as, under the "rule of unanimity," the State Defendants must join in the removal, but did not do so here. See Hewitt v. City of Stanton, 798 F.3d 1230, 1232 (9th Cir. 1986); see also Proctor v. Vishay Intertech. Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009). Nevertheless, as procedural defects are resigned to the parties, see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003), and the State Defendants do not object to the removal, see State's Reply at 2, this defect is without effect.

**EDCV 11-01594 VAP (OPx)**
**RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.**
**MINUTE ORDER of December 14, 2011**

The State Defendants filed their Motion to Dismiss on October 13, 2011. (Doc. No. 11.) Plaintiffs filed their Opposition on November 14, 2011, and the State Defendants filed their Reply on November 28, 2011. (Doc. Nos. 17, 25.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556). Recently, the Ninth Circuit clarified that a complaint must (1)

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

"contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing the party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III. DISCUSSION
### A. Plaintiffs' § 1983 Claims

Defendants move to dismiss Plaintiffs' claims for violations of 42 U.S.C. § 1983. To succeed on their § 1983 claims, Plaintiffs "must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived [Plaintiffs] of a federal constitutional or statutory right. Here, the parties do not dispute that [Defendants were] acting under color of state law. The sole issue is whether [Defendants] deprived [Plaintiffs] of any federally protected right." Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011). As Defendants correctly point out, Plaintiffs cannot maintain their § 1983 claims because Defendants did not deprive Plaintiffs of a federally protected right.

Plaintiffs allege Defendants deprived them of their substantive due process rights under the Fourteenth Amendment to the United States Constitution, which provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." The Supreme Court has recognized that

> nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.

DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Therefore, the Due Process Clause "generally confer[s] no affirmative right to

**EDCV 11-01594 VAP (OPx)**
**RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.**
**MINUTE ORDER of December 14, 2011**

governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id. at 196. Thus, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197. Stated differently, "[i]t is well established that although the Constitution protects a citizen's liberty interest in her own bodily security, the state's failure to protect that interest does not violate the Fourteenth Amendment." Campbell v. State of Wash. Dept of Soc. and Health Servs., __ F.3d __, 2011 WL 5304109, at *4 (9th Cir. 2011).

Here, Plaintiffs' § 1983 claims are based on Defendants' failure to protect the Decedent from his own actions; i.e., Defendants failed to stop Decedent from taking his own life. Under binding case law, Defendants' alleged failure to protect Decedent "simply does not violate the [Fourteenth Amendment's] Due Process Clause." DeShaney, 489 U.S. at 197.

There are "two exceptions to the general rule [in DeShaney] that 'a State's failure to protect an individual against private violence . . . does not constitute a violation of the Due Process Clause.'" Huffman v. Cnty. of L.A., 147 F.3d 1054, 1058 (9th Cir. 1998) (quoting DeShaney, 489 U.S. at 197). Those exceptions are: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception);" and "(2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." Patel, 648 F.3d at 971-72. If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim." Id. at 972 (internal citations omitted). Plaintiffs fail to plead facts to place this case within either exception.

### 1. Special Relationship

A municipal entity's failure to protect may give rise to a substantive due process violation, and thus a § 1983 claim, if a "special relationship" existed between Plaintiffs and Defendants. Id. at 971. A special relationship exists when the state acts to "restrain an individual's freedom to act on his own behalf, [either] through incarceration, institutionalization, or other similar restraint of personal liberty." DeShaney, 489 U.S. at 200. "The special-relationship exception does not

**EDCV 11-01594 VAP (OPx)**
**RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.**
**MINUTE ORDER of December 14, 2011**

apply[, however,] when a state fails to protect a person who is not in custody." Patel, 648 F.3d at 972. Here, Decedent was not in Defendants' custody when he died from a self-inflicted gunshot wound; in fact, he shot himself approximately twelve hours after release from custody. (See FAC ¶¶ 4, 5.) Accordingly, the special relationship does not apply.

Plaintiffs contend that this exception does apply because Decedent was "committing suicide" during the time Officer Bissett pulled him over, while Decedent was in Defendants' custody, and up to the moment Decedent shot himself twelve hours after being released from custody. This argument fails for two reasons. First, the Court is not required to accept as true Plaintiffs' characterization of the facts where the characterizations are "conclusory, unwarranted deductions of fact." Daniels-Hall v. Nat. Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

Here, Plaintiffs argue that Decedent was "committing suicide" at the time Officer Bissett arrested him because, at that time, books about suicide, using firearms, and containers of prescription medication for the treatment of an unspecified medical disability were in Decedent's car. (Compl. ¶ 3.) Plaintiffs' interpretation of these facts is unpersuasive. In other words, Plaintiffs have labelled Decedent's action of driving a vehicle, in which he had books about suicide, a firearm, and prescription medication as an act of "committing suicide." This is a conclusory deduction. Although Officer Bissett may have seen the books and medication during a search of Decedent's car, there is no indication that Officer Bissett read the book covers, knew the topics of the books, or knew that Decedent intended to kill himself solely because he possessed a book on the topic.

Further, assuming Officer Bissett saw the prescription medication, it is unreasonable to assume that he should have been aware of the medication's uses, or why someone may be prescribed that medication; i.e., that the medication in Decedent's vehicle was used to treat a mental disorder that may increase the risk of suicide. To find otherwise would effectively require all state actors to be trained medical personnel, and would impose liability on a state actor if that actor did not possess medical knowledge sufficient to determine a medication's use. Plaintiffs' contention that Decedent was "committing suicide" at the time Officer Bissett detained him is, therefore, an unwarranted conclusion, and the Court does not

**EDCV 11-01594 VAP (OPx)**
**RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.**
**MINUTE ORDER of December 14, 2011**

accord it any significance. Daniels-Hall, 629 F.3d at 998. Rather, the deduction of fact to be drawn from Decedent's possessions at the time he was arrested is that Decedent was preparing to kill himself.[5]

Second, the facts here are similar to those the plaintiffs asserted, and the Supreme Court rejected, as a basis for liability, in DeShaney. There, the plaintiff, a child, was admitted into a hospital with multiple bruises and taken into temporary custody by the defendant department of social services ("DSS") because the DSS believed the child's father was abusing him. DeShaney, 489 U.S. at 192. Three days later, the child was returned to his father's custody. Id. Over the following months, the DSS worker saw significant evidence suggesting the father was continuing to abuse the child. Id. The DSS failed to act, and ultimately the father beat the child severely, causing significant brain damage. Id. at 192-93.

The Supreme Court held that the special relationship exception "simply ha[d] no applicability" because the harms the child "suffered occurred not while he was in the [defendants'] custody, but while he was in the custody of his natural father, who was in no sense a state actor." Id. at 201. Thus, the Court concluded that even where there is a continuing threat of harm while the plaintiff is in custody, if the harm ultimately manifests after the plaintiff is released from custody, the "special relationship" exception does not apply. See id.; see also Patel, 648 F.3d at 972 (discussing DeShaney and the special relationship exception, and noting "[t]he special-relationship exception does not apply when a state fails to protect a person who is not in custody"); Huffman, 147 F.3d at 1056-59 (same); Snyder v. City and Cnty. of S.F., No. C 03-04927 JSW, 2006 WL 889503 (N.D. Cal. Apr. 6, 2006)

---

[5] Moreover, under Plaintiffs' interpretation, any time a person is arrested, if that person has legal, non-prohibited items that could indicate suicidal tendencies, the state must detain the person and conduct a full psychological exam to determine whether the arrestee is, in fact, suicidal. Plaintiffs therefore argue the state is liable if it does not conduct a full psychological evaluation for anyone arrested with items such as over-the-counter sleeping pills, a licensed firearm, or a garden hose which could be linked to a car's exhaust pipe. This interpretation is, likewise, unpersuasive.

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

(same). Here, even assuming Decedent was preparing to kill himself at the time Officer Bissett detained him, Decedent was not in Defendants' custody at the time he shot himself. Accordingly, under DeShaney, the special relationship exception does not apply.

### 2. State-Created Danger Exception

Alternatively, a state actor's failure to protect may give rise to a substantive due process violation, and thus a § 1983 claim, "where a state actor 'creates or exposes an individual to a danger which he or she would not have otherwise faced.'" Campbell, 2011 WL 5304109, at *6 (quoting Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006)). This "danger creation" basis "necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger." L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992). Further, the exception requires "proof of deliberate indifference to a known or obvious danger," which "is a higher standard than gross negligence because it requires a culpable mental state, meaning that the state actor must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." Campbell, 2011 WL 5304109, at *6 (internal quotations, alterations, and citations omitted); see also Patel, 648 F.3d at 974.

Without citing any authority, Plaintiffs contend the state-created danger exception applies here because: (1) "[t]here was a state-created danger as to the district attorney, because he coerced the Decedent into conduct that pushed him . . . into becoming suicidal;" and (2) "[t]here was a state-created danger as to the other County employees because when the County Defendants released him from custody, it was in circumstances where he was less likely to be helped because people who contacted him at that point were more likely to take into account that responsible authorities presumably had already looked into his condition and released him as able to take care of himself." (Opp'n to County's Mot. at 2-3.) Both of Plaintiffs' contentions fail because neither demonstrates any Defendant recognized, or should have recognized, a risk that Decedent was suicidal and acted

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

with the intent of exposing Decedent to that risk.[6] Campbell, 2011 WL 5304109, at *6.

Moreover, insofar as Plaintiffs' allegations are based on Defendants' decision to release Decedent from custody after Officer Bennett discovered the books and prescription medication in Decedent's car, those claims are also barred under DeShaney. In that case, the Court found that the state-created danger exception did not apply where the defendants released the child to his father's custody, even though they had reason to believe the father was abusive. Id. at *7. As the Supreme Court explained:

> While the State may have been aware of the dangers that [the child] faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. That the State once took temporary custody of [the child] does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter.

DeShaney, 489 U.S. at 201; see also Campbell, 2011 WL 5304109, at *7 (affirming the continuing validity of DeShaney's state-created danger jurisprudence). Here, as in DeShaney, although the State Defendants, and later the County Defendants, took custody of Decedent, and the State Defendants may have discovered the books and

---

[6] In their Opposition to the County's Motion, Plaintiffs assert the "County Defendants were told that the mentally-disabled [D]ecedent was actually engaged in committing suicide when taken into custody by the California Highway Patrol, not merely engaged in suicidal ideation or threats . . . ." (Opp'n to County's Mot. at 11-12.) Plaintiffs do not, however, make this allegation in their Complaint, and the Court accords it no significance. See Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1120 n.2 (9th Cir. 2007) (noting that review of a district court's ruling under Fed. R. Civ. P. 12(b)(6) "is limited to the contents of the complaint"); Diaz v. Gates, 380 F.3d 480, 482 (9th Cir. 2004); Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985) (same).

**EDCV 11-01594 VAP (OPx)**
**RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.**
**MINUTE ORDER of December 14, 2011**

medication, upon Decedent's release, he was in "no worse position than that in which he would have been" had the Defendants not taken him into custody or discovered the books and medicine in the first instance. DeShaney, 489 U.S. at 201.  Hence, under DeShaney, the state-created danger exception does not apply.

As neither exception "to the general rule [in DeShaney] that a State's failure to protect an individual against private violence . . . does not constitute a violation of the Due Process Clause," Huffman, 147 F.3d at 1058 (internal citation and quotations omitted), applies here, Plaintiffs have not pled a constitutional violation sufficiently.  Accordingly, because Plaintiffs have not pled a violation of their federally-protected rights, Plaintiffs' § 1983 claims fail.  Patel, 648 F.3d at 971.

Similarly, insofar as Plaintiffs seek to use their § 1983 claims as a predicate constitutional violation under Monell,[7] those claims fail as well because Plaintiffs have not alleged a constitutional violation sufficiently.  See Johnson v. City of Seattle, 474 F.3d 634, 638-40 (9th Cir. 2007) (noting that Monell claims require "an underlying constitutional tort," and concluding that the municipal defendants were not liable under Monell because the plaintiffs had not alleged a substantive due process violation sufficiently under DeShaney); see also Blair v. City of Pomona, 223 F.3d 1074, 1079 (9th Cir. 2000) (holding that to establish liability under Monell, plaintiffs must demonstrate, inter alia, they had a constitutional right).

The Court therefore GRANTS the State and County Defendants' Motions as to Plaintiffs' § 1983 claims.  Moreover, the Court finds amendment here would be futile, as Plaintiffs' allegations cannot form the basis of a § 1983 claim for violation of the Due Process Clause under DeShaney, and the exceptions to DeShaney do not apply.

## B. Plaintiffs' Wrongful Death Claims

---

[7] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).

EDCV 11-01594 VAP (OPx)
RACHEL LEWIS, et al. v. COUNTY OF SAN BERNARDINO, et al.
MINUTE ORDER of December 14, 2011

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  As discussed above, the Court dismissed Plaintiffs' federal claims.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims[8] under § 1367(c)(3), and does not reach the merits of those claims.  Thus, as the Court lacks jurisdiction over the remaining state law claims, the REMANDS Plaintiffs' action to the California Superior Court for the County of San Bernardino.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the County's Motion IN PART and GRANTS the State's Motion IN PART.  The Court DISMISSES Plaintiffs' § 1983 Claims WITH PREJUDICE.  As the Court declines to exercise supplemental jurisdiction, the Court REMANDS the remaining claims in the action to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

---

[8] Although Plaintiffs only assert one state law claim in their Complaint, their Oppositions to the State's and County's Motions intimates Plaintiffs are also asserting a general claim for negligence.  (See, e.g., Opp'n to County's Mot. at 14, Opp'n to State's Mot. at 14-15.)  The Court does not opine as to the procedural propriety of Plaintiffs' intimation, but instead assumes without deciding that Plaintiffs' Complaint asserts multiple state law claims.